IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

JENNIFER DEEGAN, )
)
    Plaintiff )
)
v. )   Civil Action No. 7:16cv00260
)
)   **JURY TRIAL REQUESTED**
)
MELANIE MOORE, )
)
Serve: )
Virginia Western Community College )
Fralin Center, HP214C )
3091 Colonial Avenue, SW )
Roanoke, Virginia 24015 )
)
)
CAROLE GRAHAM, )
)
Serve: )
Virginia Western Community College )
Fralin Center, HP214C )
3091 Colonial Avenue, SW )
Roanoke, Virginia 24015 )
)
)
LORI BAKER, )
)
Serve: )
Virginia Western Community College )
Chapman Hall, Room C102 )
3091 Colonial Avenue, SW )
Roanoke, Virginia 24015 )
)
    **Defendants.** )

## COMPLAINT

1. This is an action for deprivation of civil rights under the Civil Rights Act, pursuant to 42 U.S.C. § 1983. Plaintiff brings this civil rights action to redress the deprivation under color of state law of rights, privileges and immunities secured to

LICHTENSTEIN
LAW GROUP, PLC
ATTORNEYS AND COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601

her by provisions of the First Amendment of the United States Constitution. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343.

3. Venue is proper in this District under 28 U.S.C. § 1391(b), as the unconstitutional acts and omissions complained of occurred in the Roanoke Division of the Western District of Virginia.

## PARTIES

4. Plaintiff Jennifer Deegan is a resident of the Commonwealth of Virginia. Plaintiff was a student in the Nursing Program at Virginia Western Community College from the fall of 2013, until the fall of 2014, when she was forced to resign from the program as a result of the unconstitutional actions of the defendants.

5. Defendant Melanie Moore is a resident of the Commonwealth of Virginia. At all times relevant hereto, Defendant Moore was the Assistant Dean of Nursing at Virginia Western Community College ("VWCC"). The Commonwealth of Virginia established and oversees the community college system in the Commonwealth of Virginia, including VWCC. VWCC is located in Roanoke, Virginia, and offers a nursing program. At all relevant times, Defendant Moore was acting within the scope of her employment with VWCC and the Commonwealth of Virginia.

6. Defendant Carole Graham is a resident of the Commonwealth of Virginia. At all times relevant hereto, Defendant Graham was the Dean of Health Professions at VWCC. The Commonwealth of Virginia established and oversees the community college system in the Commonwealth of Virginia, including VWCC. VWCC is

LICHTENSTEIN LAW GROUP<sub>PLC</sub>
ATTORNEYS AND COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601

located in Roanoke, Virginia, and offers a nursing program. At all relevant times, Defendant Graham was acting within the scope of her employment with VWCC and the Commonwealth of Virginia.

7. Defendant Lori Baker is a resident of the Commonwealth of Virginia. At all times relevant hereto, Defendant Baker was the Dean of Student Services at VWCC. The Commonwealth of Virginia established and oversees the community college system in the Commonwealth of Virginia, including VWCC. VWCC is located in Roanoke, Virginia and offers a nursing program. At all relevant times, Defendant Baker was acting within the scope of her employment with VWCC and the Commonwealth of Virginia.

8. At all times pertinent hereto, Plaintiff was a student in the nursing program at VWCC or engaged in hearing procedures at VWCC. Plaintiff has been, and continues to be, adversely affected by the acts of defendants and/or their agents.

9. All of the actions, omissions and conduct complained of were undertaken by the defendants under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Virginia. At all material times, Defendants were state actors.

10. Plaintiff sues Defendants in their individual capacities.

## STATEMENT OF FACTS

11. Plaintiff Jennifer Deegan enrolled in the Nursing Program at VWCC, and began her studies in the fall semester of 2013. In the Spring of 2014, Ms. Deegan became concerned about the quality of education and instruction being provided by the VWCC nursing program, when a qualified instructor resigned and was replaced with an unqualified instructor. Ms. Deegan discussed these concerns with the

LICHTENSTEIN
LAW GROUP, LLC
ATTORNEYS AND COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601

remaining instructors of the Nursing Program, who agreed the instruction was deficient.

12. On information and belief, as a result of the increasing deficiencies in the program, two additional qualified instructors resigned from their teaching positions over the summer of 2014.

13. When classes started again in August, 2014, the program continued to decline. The instructors, including Dr. Moore, consistently criticized the quality of the program, and administered "pop quizzes" on material that the students should have been, but were not, taught the previous year. Instructors commented that the Program would be doing whatever it could to get rid of "uncooperative" students. A student who tried to raise a concern regarding the declining NCLEX (licensure) examination scores to Dr. Moore during class, was told by Dr. Moore that she considered this a "political" matter that she did not intend to discuss.

14. On August 27, 2014, Ms. Deegan directed her concerns in writing to a member of the Board of Trustees for VWCC. She communicated her willingness to meet with Robert Sandel, President of VWCC, to discuss her concerns.

15. On August 28, 2014, she received a communication from the Board of Trustees member that VWCC would be contacting her to set a meeting with Dr. Sandel and Elizabeth Wilmer, the Vice President of Academics.

16. During a Nursing 238 class on August 28, 2014, many students voiced their frustrations and concerns regarding pop quizzes on information they had not learned and lack of instruction on current material. Ms. Deegan was one of the students voicing her concerns. Ms. Deegan's comments were recorded and were not disruptive or abusive.

LICHTENSTEIN
LAW GROUP PLC
ATTORNEYS AND COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601

17. After the Nursing 238 class on August 28, 2014, Ms. Deegan and several other students met with Dean Graham to voice their concerns on the instruction they were receiving.

18. After this meeting with Dean Graham on August 28, 2014, Ms. Deegan set a meeting with President Sandel, Vice President Wilmer, Dean Graham and Dr. Moore for September 3, 2014.

19. When Ms. Deegan arrived at the September 3, 2014 meeting, she found only Dean Graham and Lori Baker, Dean of Student Services, in attendance. When she brought up her concerns, she was met with resistance and advised that a student misconduct charge was being filed against her as a result of her comments in the Nursing 238 class on August 28, 2014.

20. Defendants caused or encouraged to be filed, a student misconduct report, charging Ms. Deegan with disrupting the Nursing 238 class, as well as verbal abuse. Ms. Deegan received an email from Defendant Baker on September 4, 2014, at 10:47 am, stating that a student misconduct report had been filed on her, and that the letter and procedures were attached to the email. The letter, also dated September 4, 2014 and from Defendant Baker, stated that there would be a hearing by the Student Conduct Committee to address these misconduct charges as follows: Disruption: Disruption of a classroom, laboratory, library, office, hallway, public student space, such as the student center, meeting or hearing; and Verbal Abuse: When the student utters obscene words or engages in verbal abuse that continues harassment of others. The charges were false as Ms. Deegan neither disrupted the class nor engaged in verbal abuse.

21. On information and belief, in or around the same time as Ms. Deegan was

LICHTENSTEIN
LAW GROUP, llc
ATTORNEYS AND COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601

charged with "misconduct," another student who attempted to compile a list of concerns for discussion at a meeting, was pulled into a private meeting with Dean Graham and Dr. Moore and threatened with expulsion.

22. On September 9, 2014, Ms. Deegan filed a grievance, outlining the problems with the program, as well as the hostile environment and bullying by teachers. In the grievance she indicated, *inter alia*, that student questions and concerns were met with hostility, threats, and attempted disciplinary action.

23. On September 22, 2014, Ms. Deegan met with Vice President Wilmer to discuss the grievance she filed on September 9, 2014. Vice President Wilmer declined to discuss the student misconduct charge with Ms. Deegan. Following the meeting, Ms. Deegan's grievance was determined to be unfounded.

24. Under the Student Conduct Policy, an investigation into the alleged report of misconduct was to occur which should have included a meeting between Ms. Deegan and Ms. Baker to discuss the charge. Ms. Deegan was not afforded this opportunity until she directly requested it. When she met with Ms. Baker on September 29, 2014, Ms. Deegan brought the recordings of the class in which she allegedly engaged in disruption and verbal abuse and offered to play them for Ms. Baker as part of the investigation. Ms. Baker was unwilling to listen to the recordings.

25. Ms. Deegan attended the Student Conduct Hearing on October 15, 2014 and was cleared of the misconduct charge by the Student Conduct Committee.

26. However, prior to the hearing and as a result of the harassment, retaliation, and emotional distress to which she had been subjected, Ms. Deegan could not continue in the program, and made the difficult decision to resign from the program.

27. Plaintiff's right to free speech under the First Amendment has been violated

LICHTENSTEIN
LAW GROUP, llc
ATTORNEYS AND COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601

by the actions of the Defendants. Plaintiff has suffered damages, including financial loss, emotional distress, humiliations, and other injury, as a proximate result of the actions of the Defendants.

## CAUSE OF ACTION

## VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO FREEDOM OF EXPRESSION

28. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

29. Plaintiff expressed her concerns regarding the quality of the nursing program at VWCC, including the poor instruction, the factually incorrect information presented to the nursing students, and the unfair nature of the tests the teachers and Defendants were administering to the students.

30. Ms. Deegan's comments were not disruptive or abusive. Her comments neither disrupted the education process nor created substantial disorder. Nor did her comments invade the rights of others.

31. Ms. Deegan was engaged in First Amendment activity when she made her comments, and her comments regarding the deficiencies in the nursing program at VWCC are protected by the First Amendment.

32. As a result of Ms. Deegan's comments regarding the VWCC nursing program, Defendants took adverse action against Ms. Deegan. Defendants caused or encouraged a student misconduct charge to be filed against Ms. Deegan accusing her of disruption and verbal abuse. This misconduct charge was filed against Ms. Deegan in retaliation for her speaking out regarding the deficiencies in the nursing program.

LICHTENSTEIN LAW GROUP PLC
ATTORNEYS AND COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601

33. This retaliatory conduct adversely affected Ms. Deegan's First Amendment rights, as it would likely deter a person of ordinary firmness from the exercise of First Amendment rights.

34. The retaliatory conduct chilled the exercise of Ms. Deegan's First Amendment rights.

35. There is a causal relationship between Ms. Deegan's protected activity and the Defendants' conduct, as the Defendants filed the misconduct charge against Ms. Deegan solely because she exercised her First Amendment rights to speak out regarding the deficiencies in the nursing program at VWCC. The timing of the student misconduct charge was in close proximity to Ms. Deegan's complaints regarding the nursing program, and her request to meet with the Defendants to discuss her complaints.

36. As a direct result of the Defendants' actions, Ms. Deegan had to resign from the nursing program at VWCC. She has suffered financial losses in the form of tuition and fees incurred, emotional distress, mental anguish, humiliation, embarrassment, as well as other injury and damages.

37. The acts of Defendants as set forth above were wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

PLAINTIFF REQUESTS TRIAL BY JURY.

WHEREFORE, Plaintiff seeks judgment as follows:

A. Against all defendants, jointly and severally, for compensatory damages according to proof;

B. Against all defendants, jointly and severally, for punitive damages;

C. An award of attorney's fees and costs under 42 U.S.C. § 1988; and

LICHTENSTEIN LAW GROUP, PLC
ATTORNEYS AND COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601

D. For such further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED,
JENNIFER DEEGAN,**

By: /s/ Monica L. Mroz
      Of Counsel

John E. Lichtenstein (VSB #27048)
John.Lichtenstein@lichtensteinlawgroup.com
Monica L. Mroz (VSB #65766)
Monica.Mroz@lichtensteinlawgroup.com
LICHTENSTEIN LAW GROUP PLC
Liberty Trust Building, Suite 400
101 South Jefferson Street (24011)
P.O. Box 601
Roanoke, Virginia 24004-0601
Tel:   (540) 343-9711
Fax:   (540) 343-9713
*Counsel for Plaintiff*

LICHTENSTEIN
LAW GROUP PLC
ATTORNEYS AND COUNSELORS AT LAW
P.O. Box 601
Roanoke, VA 24004-0601

Page **9** of **9**
Case 7:16-cv-00260-EKD   Document 1   Filed 06/06/16   Page 9 of 9   Pageid#: 9